UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES LEON PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:14-CV-211-JRG-MCLC |
| | ) | |
| GERALD MCALLISTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM and ORDER**

Before the Court is James Leon Parker's petition for a writ of habeas corpus under 28 U.S.C. § 2241, attacking his Sullivan County, Tennessee Criminal Court jury conviction for multiple counts of drug-related offenses and his total sentence of 33 years confinement [Doc. 1]. The Clerk is **DIRECTED** to serve a copy of the petition and this order on Respondent Warden and the Attorney General for the State of Tennessee.

Despite the labeling of Parker's submission as a § 2241 petition, this filing is governed by 28 U.S.C. § 2254 and all related statutory restrictions. *See Rittenberry v. Morgan*, 468 F.3d 331, 337-38 (6th Cir. 2006) (finding that 28 U.S.C. § 2241 does not provide a separate "gate" through which state prisoners may seek habeas corpus relief from their convictions); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) ("We agree with those circuits that have held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371–72 (6th Cir. 2001) ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner

to evade the requirements of § 2254.") (quoting with approval *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

The Court is required to promptly examine the petition pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts and determine whether the petition should be dismissed or answered by Respondent. Since it does not plainly appear from the face of the petition that it should be summarily dismissed, Respondent is **ORDERED** to answer or otherwise respond to the petition within thirty (30) days from the date of this order. Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

Respondent should address specifically whether the petition was timely filed and whether Petitioner has exhausted his available state court remedies. 28 U.S.C. §§ 2244(d), 2254(b). Although a reply is not necessary, if Petitioner wishes to file a reply, he **SHALL** file that reply within thirty (30) days from the date Respondent files his answer with the Court. Rule 5(e) of the Rules Governing Section 2254 Proceedings for the United States District Courts. Any reply should not exceed twenty-five pages, must directly reply to the points and authorities in the Warden's answer, and must not to be used to reargue the points and authorities included in the petition or to present any new issues. *See* E.D. Tenn. L.R. 7.1(b), and (c).

**SO ORDERED**.

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE