UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JAMES LEON PARKER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:14-CV-211-JRG-MCLC |
| | ) | |
| GERALD MCALLISTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

On March 4, 2008, a jury in the Sullivan County, Tennessee Criminal Court convicted James Leon Parker ("Petitioner") of seven cocaine-related offenses [Doc. 13-4 pp. 6-7]. Those convictions include: (1) sale of less than 0.5 grams of cocaine (count 1); (2) delivery of less than 0.5 grams of cocaine (count 2); (3) possession of 0.5 grams or more of cocaine with intent to sell or deliver (count 3); (4) sale of 0.5 grams or more of cocaine (count 4), (5) delivery of 0.5 grams or more of cocaine, (count 5); (6) sale of 0.5 grams or more of cocaine within 1,000 feet of a school (count 6); and (7) delivery of 0.5 grams or more of cocaine within 1,000 feet of a school (count 7) [*Id.*]. *State v. Parker*, No. E200902353CCAR3CD, 2010 WL 4812746, at *1 (Tenn. Crim. App. Nov. 23, 2010). Petitioner, who is serving an effective sentence of 33 years' imprisonment, *id.*, 2010 WL 4812746, at *1, now brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, attacking the legality of his confinement pursuant to those convictions [Doc. 1].

Respondent Warden Gerald McAllister has filed a Motion to Dismiss and a supporting brief, arguing that the petition is time-barred [Docs. 14-15]. Respondent has also submitted Petitioner's state court record [Doc. 13, Attachments 1-26].

Petitioner has not responded to the Motion to Dismiss, though he was granted additional time in which to respond [Doc. 19], and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1(a). The lack of a response from Petitioner functions not only as a waiver of opposition, but also as an independent basis for granting the motion. *See Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). For the reasons below, the Court will **GRANT** Respondent's Motion to Dismiss and will **DISMISS** this petition as untimely.

I.     **Background**

Petitioner's judgments were entered by the trial court on September 19, 2008 [Doc. 13-20 at 11]. Petitioner appealed to the Tennessee Court of Criminal Appeals ("TCCA"), and his case was remanded, but only for entry of a corrected judgment to reflect that the offense in count 7 was a Class A felony, rather than a Class B felony. *Parker*, 2010 WL 4812746, at *10. The TCCA's judgment was entered on November 23, 2010 [Doc. 13-10 p.1]. Petitioner did not seek permission to appeal that judgment from the Tennessee Supreme Court ("TSC"). *See* Tenn. R. App. P. 11(b) (providing that an application for permission to appeal to the TSC must be filed within 60 days after the entry of the TCCA's judgment).

On March 24, 2011, Petitioner filed a state petition for habeas corpus relief [Doc. 13-11 at 4-9]. The habeas petition was dismissed on June 8, 2011 [*Id.* at 40-14], and on January 6, 2012, the dismissal was affirmed on appeal. *Parker v. Sexton*, No. E2011-01472-CCA-R3-HC, 2012 WL 32116 (Tenn. Crim. App. Jan. 6, 2012). Petitioner did not seek review of the TCCA's decision.

Instead, on July 28, 2011, Petitioner submitted a second state petition for a writ of habeas corpus [Doc. 13-17 at 4-22]. By order filed on November 21, 2011, the trial court dismissed that second petition [*Id.* at 30-32]. Petitioner appealed [*Id.* at 45], but the appeal was dismissed on August 10, 2012, for his failure to file his appellate brief [Doc. 13-19 at 1, *Parker v. Sexton*, No. E2011-02647-CCA-R3-HC (Tenn. Crim. App. Aug. 10, 2012) (unpublished order)].

Meanwhile, Petitioner filed a petition for post-conviction relief on October 4, 2011, under the state's version of the prison mailbox rule, *see* Tenn. R. S. Ct. 28 § 2 (providing that a prisoner's "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing") [Doc. 13-20 at 3-10]. The post-conviction court denied the petition summarily for failure to state a claim [*Id.* at 4]. Petitioner pursued an appeal [*Id.* at 13]. On March 13, 2012, the TCCA granted Petitioner's motion to dismiss voluntarily his appeal from the lower court's order dismissing the original post-conviction petition, and the TCCA dismissed his appeal [Doc. 13-25 at 25-26].

Petitioner did not seek permission to appeal to the TSC, though case law suggests that he could have filed an appeal. *See Williams v. State*, 831 S.W.2d 281, 282 (Tenn. 1992) (entertaining an appeal from a dismissal with prejudice of a post-conviction petition voluntarily withdrawn); *Cazes v. State*, No. 02C01-9501-CR-00004, 1995 WL 467657, at *2 (Tenn. Crim. App. Aug. 9, 1995) (same); *see also Bowling v. State*, No. E2011-02570-CCA-R3PC, 2012 WL 3686634, at *1 (Tenn. Crim. App. Aug. 28, 2012) (waiving a timely notice of appeal from an order granting voluntary dismissal of a post-conviction petition); *but see Davis v. State*, No. 02C01-9804-CC-00104, 1998 WL 726533, at *1 (Tenn. Crim. App. Oct. 16, 1998) (noting that well-established law prohibits an appeal from a voluntary dismissal of a petition for a writ of error coram nobis).

3

On October 22, 2013, Petitioner filed in the post-conviction court a "Motion to Reinstate the Order Dismissing Petition for Post-Conviction Relief to Allow Petitioner to Amend his Petition" [Doc. 13-20 at 26-35]. On October 24, 2012, the motion was denied [Doc. 13-23 at 57-58.]. On November 5, 2012, Petitioner filed a notice of appeal [Doc. 13-23 at 59]. However, on September 11, 2013, the TCCA determined that it lacked jurisdiction to review the post-conviction court's denial of Petitioner's Motion and dismissed the appeal [Doc. 13-26 at 1-3, *Parker v. State*, E2012-02389-CCA-R3-PC (Tenn. Crim. App. Sept. 11, 2013) (unpublished order)]. Petitioner sought no further state court review.

On May 21, 2014, under the prison mailbox rule announced in *Houston v. Lack*, 478 U.S. 266, 276 (1988) (deeming a prisoner's action to be filed on the date that it is properly delivered to the prison officials for mailing), Petitioner filed this instant petition [Doc. 1].

**II.    Law and Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). The first circumstance is the relevant one here.

To determine the timeliness of this petition, the Court first must determine the date Petitioner's conviction became final. On November 23, 2010, the TCCA entered judgment on Petitioner's direct review [Doc. 13-10 at 1]. Petitioner had sixty-two days from that date, i.e., until January 24, 2011, to apply to the TSC for permission to appeal the TCCA's decision. *See* Tenn. R. App. P. 11 (b).[1] Therefore, Petitioner's conviction became final on January 24, 2011, and the next day, the AEDPA's one-year clock started to tick. Accordingly, for purposes of § 2244(d)(1)(A), the time for filing this § 2254 petition would end on January 24, 2012.

As noted, the limitations statute is tolled while a properly filed state petition for post-conviction or for other collateral relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner submitted a state petition for a writ of habeas corpus on March 24, 2011 [Doc. 13-11 at 4-9], fifty-nine (59) days from January 25, 2011, the date the AEDPA's one-year clock started ticking. The clock remained stopped throughout the proceedings involving Petitioner's first and second state petitions for a writ of habeas corpus and his original post-conviction petition.

On March 13, 2012, the TCCA dismissed Petitioner's appeal from the post-conviction court's order dismissing his original post-conviction petition. Petitioner had sixty days from that date to apply to the TSC for permission to appeal the TCCA's order of dismissal. Because the sixtieth day fell on Saturday, May 12, 2012, and the sixty-first day fell on Sunday May 13, 2012, Petitioner had until Monday, May 14, 2012, within which to seek further review of the TCCA's

---

[1] Though an application for permission to appeal to the TSC must be filed within sixty days of a TCCA order, Petitioner had sixty-two days to file his application for permission to appeal because the sixtieth day fell on Saturday, January 22, 2010. *See* Tenn. R. Civ. P. 6.01 (stating that when the last day of the period is a Saturday, Sunday or a legal holiday, the period continues to run until the end of the next day which is not one of the aforementioned days). Since the sixty-first day was Sunday, January 23, 2010, Petitioner had until Monday, January 24, 2010 to file his application.

5

order. Thus, the next day, i.e., Tuesday, May 15, 2012, the AEDPA clock resumed ticking. *See* Fed. R. Civ. P. 6(a)(1)(A).

The clock ran for one hundred sixty one (161) days more, but was stopped on October 22, 2012, by Petitioner's filing of a "Motion to Reinstate the Order Dismissing Petition for Post-Conviction Relief to Allow Petitioner to Amend his Petition" [Doc. 13-22 at 3-5]. On October 24, 2012, the post-conviction court dismissed what effectively was Petitioner's motion to reopen [Doc. 13-23 at 57-58].[2]

Petitioner filed an appeal on November 2, 2012 [*Id.* at 59]. On September 11, 2013, the TCCA dismissed the appeal for lack of jurisdiction, reasoning that Rule 3 of the Tennessee Rules of Appellate Procedure, the rule upon which Petitioner had based his appeal, was not the proper statutory procedure for appealing a motion to reopen [Doc. 13-26 at 1-3, *Parker v. State,* E2012-02389-CCA-R3-PC (Tenn. Crim. App. Sept. 11, 2013) (unpublished order)]. Instead, as the TCCA explained, Petitioner was required to file an application for permission to appeal, pursuant to Tenn. Supreme Court Rule 28 § 10(B), as he had no right of appeal from the denial of a motion to reopen [*Id.*].

Because the appeal was dismissed for lack of jurisdiction, it did not toll the AEDPA clock for the entire period because it was not "a properly filed application for State post-conviction or other collateral review." *See* 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but *not properly filed*."); *Evans v. Chavis*, 546 U.S. 189, 141 (2006) ("The time that an

---

[2] As Respondent points out in his brief, the "Motion to Reinstate the Order Dismissing Petition for Post-Conviction Relief to Allow Petitioner to Amend his Petition" could only be characterized as a motion to reopen the post-conviction petition, which is a proper submission under Tennessee's post-conviction law, *see* Tenn. Code Ann. § 40-30-117 [Doc. 15 at 6 n.7].

application for state postconviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." (citing *Carey v. Saffold*, 536 U.S. 214 (2002))).

Pursuant to Tennessee Code. Annotated § 40-30-117(c) and Tennessee Rule of Appellate Procedure 21(a), Petitioner had thirty-two days to file a proper appeal from the order dismissing his motion to reopen his post-conviction petition, because the thirtieth day was Saturday, November 24, 2012, and the thirty-first day was Sunday, November 25, 2012. Thus, the AEDPA clock was tolled by the motion to reopen until the thirty-second day, or Monday, November 26, 2012. On November 27, 2012, the AEDPA's clock re-started, *see* Fed. R. Civ. P. 6(a)(1)(A), with 145 days left to run. Because 145 days from November 27, 2012, is Sunday, April 21, 2013, the statute ran for 146 days more, up to and including Monday, April 22, 2013. Petitioner filed his § 2254 petition on May 14, 2014, three hundred, ninety-five (395) days too late.

However, the one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling in an appropriate case. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). An appropriate case for equitable tolling in one where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner could argue that the statute should be equitably tolled because he steadfastly sought relief in the state court and because, despite his steadfastness, he chose the wrong procedural mechanism for his appeal of the denial of his motion to reopen. Such an argument,

7

had it been made, would be unavailing because Petitioner could not have obtained relief from his conviction using Rule 3 as the procedural tool. *See McMullan v. Roper*, 599 F.3d 849, 852–53 (8th Cir. 2010) (finding that a motion to reopen was not a "properly filed" application for collateral relief because that procedural vehicle was not a proper means to secure relief from a conviction). Moreover, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Furthermore, Tennessee expects pro se prisoners to comply with the same procedural rules as represented parties. *Willis v. State*, No. E201500235CCAR3ECN, 2016 WL 3753738, at *13 (Tenn. Crim. App. July 7, 2016); *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009) (same).

Petitioner shoulders the burden of showing that equitable tolling is warranted, *Pace*, 544 U.S. at 418, but he has not alleged and his pleadings do not suggest any basis to invoke equitable tolling. Put simply, Petitioner has not borne his burden. The Court therefore concludes that equitable tolling is not appropriate and that it cannot be invoked to save this untimely petition.

### III. Conclusion

The Court finds that the petition is untimely and that Petitioner does not qualify for equitable tolling of his § 2254 limitations statute. Because this petition is untimely, Respondent's dispositive motion [Doc. 14] will be **GRANTED** and the petition will be **DISMISSED**. Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE